IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOM CURTIS DOWDY,

                Plaintiff,

v.

DODGE CORR. INST.,

                Defendant.

OPINION and ORDER

24-cv-131-jdp

---

Plaintiff Tom Curtis Dowdy, proceeding without counsel, alleges that staff members at Dodge Correctional Institution (DCI) violated federal law by opening a letter sent to him by the Office of Governor Tony Evers. Because Dowdy proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Dowdy's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider documents that the complaint incorporates by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Because Dowdy has failed to state a claim, and because amendment would be futile, I will dismiss the complaint with prejudice, and I will direct the clerk to record a strike against Dowdy under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

The Governor's Office sent Dowdy a letter responding to his questions about applying for executive clemency. Dkt. 12-1. The letter states that Dowdy is ineligible to apply because

he's currently incarcerated. A few days later, Officer Brunet took that letter, which was open, to Dowdy's cell. DCI's handbook states that letters from the governor must be opened in the presence of an inmate. About ten days later, Sergeant Sloviak told Dowdy that he opened the letter, and he documented that he opened Dowdy's "legal mail." Dowdy then filed an inmate complaint, which was affirmed because mail room staff opened the letter outside his presence.

ANALYSIS

Dowdy alleges a violation of federal law, but he doesn't specify a cause of action. I take Dowdy to bring free-speech and access-to-the-courts claims based on the opening of "legal mail" outside his presence.

As a general constitutional rule, prison staff must open correspondence from a prisoner's lawyer in the prisoner's presence. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010); *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005). This rule doesn't apply to court mail or letters from public agencies that wouldn't "give the reader insights into the prisoner's legal strategy." *See Guajardo-Palma*, 622 F.3d at 806. Referring to mail between persons other than a prisoner and his attorney as "legal mail" doesn't change its constitutional significance. *See id.*; *see also Rozak v. Hepp*, No. 19-cv-417-jdp, 2021 WL 2355081, at *3 (W.D. Wis. June 9, 2021) (stating that "legal mail" is limited to correspondence from a lawyer actually representing the prisoner, or from whom the prisoner seeks representation).

Dowdy faults prison staff for opening the letter from the Governor's Office. But, because the letter wasn't from his attorney, the Constitution didn't require them to open it in his presence. Even if the letter isn't a public document, Dowdy hasn't alleged that it gave prison staff an edge in litigation, and that contention would be implausible based on the letter's

2

content. Dowdy alleges that Wisconsin law required the letter to be opened in his presence. *See* Wis. Admin. Code DOC § 309.04(3)(b) (restricting DOC officials' ability to open mail from the governor outside prisoners' presence). But an alleged violation of § 309.04 "is not a ground for a federal civil rights suit." *Guajardo-Palma*, 622 F.3d at 806. I will not allow Dowdy to proceed on a claim that DCI staff violated his federal rights by opening the letter from the Governor's Office outside his presence.

Dowdy's complaint has other problems. Dowdy named DCI as the sole defendant, but a state prison cannot be sued in a federal civil rights action. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Dowdy also asks me to authorize criminal charges against DCI staff that opened the letter, but I lack that authority. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); *Gardner v. Harvard Univ.*, No. 21-cv-503-wmc, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023) ("Gardner does not have a private right of action to sue in federal court for violations of federal criminal statutes, and I cannot initiate federal criminal proceedings.").

If a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is appropriate because it's clear from Dowdy's complaint and the letter that it incorporates that he cannot state a constitutional claim. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). I express no opinion on whether Dowdy could obtain relief in state court based on an alleged violation of § 309.04. *See Guajardo-Palma*, 622 F.3d at 806.

ORDER

IT IS ORDERED that:

1. Plaintiff Tom Curtis Dowdy's complaint, Dkt. 1, is DISMISSED with prejudice because it fails to state a claim.

2. The clerk is directed to record a strike against Dowdy under 28 U.S.C. § 1915(g).

3. The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered June 3, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge